UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 21-cr-692-02 (CKK) |
| Marilyn Fassell        *defendant*. | ) | |

MOTION TO MODIFY CONDITION OF RELEASE

Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, respectfully moves the Court to modify the condition of release that restricts her ability to possess firearms during the pendency of this case. The reasons follow.

1. Defendant is charged in a four-count criminal information with misdemeanor offenses the government alleges she committed on January 6, 2021, at the United States Capitol. Those offenses are Entering and Remaining in a Restricted Building or Grounds; Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Disorderly Conduct in a Capitol Building; and Parading, Demonstrating, or Picketing in a Capitol Buildings, violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2), and 40 U.S.C. §§5104(e)(2)(D) and (e)(2)(G), respectively. Defendant and her husband, Thomas Fassell, are charged as codefendants with identical offenses.

2. Defendant appeared on September 21, 2021, for her initial appearance in the instant case before Mag. Judge Zia M. Faruqui.[1] Judge Faruqui was charged with determining, under 18 U.S. §3142(c)(1)(B)[2], "the *least restrictive* further condition, or combination of conditions, that…will reasonably assure the appearance of the person as required and the safety of any other

---

[1] The defendant had a Rule 5 hearing in the Middle District of Florida (Tampa) before appearing here.

[2] Pretrial Services recommended, and the government did not oppose, the defendant's release with conditions.

person and the community, which may include the condition that the person…(k)(viii) refrain from possessing a firearm, destructive device or other dangerous weapon…" (italics added)

3. The D.C. Pretrial Services Agency ("PSA")  recommended "General Supervision," including that "The Defendant is not to possess a firearm, destructive device, or other weapon." (PSA report, page 1)  Judge Faruqui followed its recommendation.  The actual "Order Setting Conditions of Release" prohibits the defendant from possessing "a firearm, destructive device, or other weapon." (ECF Doc. 10, ¶7(k), page 2)[3]

4.  Defendant was also ordered to "submit to supervision by and report for supervision to the Southern District of Ohio ("SDIL") (as directed)...." (Id., ¶7(a)

5.  It is counsel's understanding that PSA recommends a firearms prohibition uniformly for defendants in January 6 cases, many of whom reside elsewhere than in the D.C. metropolitan area.  They receive "courtesy supervision" by PSA (and in some cases U.S. Probation) officers in other districts.  The concern is that those officers who make home visits could be in peril by entering a residence where firearms are located.  There appears to be no other stated purpose for this restriction.

6. The defendant is not a prohibited person under federal or state firearms law, and the instant charges against her do not affect her retention of her concealed carry permit.  Her principal purpose in having a firearm is for her own protection in the home, principally when she is alone in the evenings. (Defendant advises that her husband umpires games in a baseball league, which frequently schedules its games at night, keeping him away from home till late.)

---

[3] The defendant had previously been ordered at the Rule 5 hearing in Florida held on Sept. 15, 2021 not to possess firearms, ammunition or other destructive devices. (ECF Doc. 13 , Rule 5(c)(3) documents, p. 18, ¶5(c).  to remove her firearm from her residence, which she did before her initial appearance in this case.  Defendant moved her firearm from her residence after her Rule 5 appearance in Florida.

7. Defendant moves the Court to lift the restriction on her possession of firearms. The Second Amendment to the Constitution, as interpreted by the U.S. Supreme Court in the case of *McDonald v. Chicago,* 561 U.S. 742 (2010), relying in part on *Heller v. District of Columbia,* 554 U.S. 570 (2008), assures a private person's right to possess firearms in states and localities. That right may, of course, be subject to reasonable restrictions.

8. Defendant contends that the restriction here is neither reasonable in or justified by these circumstances. Defendant does not present any factors that would suggest she's a danger to others. She appears to have a modest criminal record; the Pretrial Services report from her initial appearance shows most recently from 2008 (ECF Doc. 7, Sept. 21, 2021);  is employed as a health aide, frequently working more than eight (8) hours a day; reports no current problem with alcohol or drugs, and is in compliance with her pretrial release conditions, imposed nearly seven months ago. (ECF Doc. 29, Pretrial Services Report, April 20, 2022)   She is not a "prohibited person" under 18 U.S.C. §922(g) that would make her possession of firearms illegal. Further, there's no evidence before the Court of a history of mental health problems.   The charges she faces in the instant case are all *non*-violent misdemeanors. The allegations do not include either assaults against persons or the vandalizing or destruction of property.

9. "The defendant must submit to supervision by and report for supervision to the Middle District of Florida (Tampa) as directed…." The stated need for the firearms restriction is so a pretrial services officer supervising the defendant would not be in peril if making a home visit. (*Supra,* ¶5)  Given the distance of the U.S. Courthouse from the defendant's residence–about 22 miles, a drive of about thirty minutes–an officer would, as likely as not, call before traveling to see the defendant, to make sure the defendant is at home. There is no reason for concluding on

these facts that a firearms restriction is necessary.  The defendant could be expected to secure the firearm before any supervisory visit.

10. Defendant adverts the Court to the cases *United States v. Tina Logsdon*, 22-cr-23-02 (TFH) and *United States v. Loruhamah Yazdani-Elsfehani,* 21-cr-543-03 (CRC), in which judges of this court, in similar, though not identical cases, have lifted the firearms restriction.

11. Defendant submits that a blanket application in the January 6 set of cases of the non-possession restriction violates a basic principle of our criminal justice system: to treat defendants, and their cases, individually.  Our system is not designed to, nor should it, treat defendants in bulk, much less as fungible, without further discrimination.  A restriction that infringes on a constitutional right should not be considered a "standard condition" of pretrial release, certainly not without an examination into both the need for the restriction and whether or not it is justified in the circumstances, taking into account the nature of the case along with the defendant's background.  It should also be pointed out that the defendant stands charged with these offenses but is presumed innocent unless and until proven guilty.

12. Defendant seeks only the lifting of the restriction on firearms.  She does not seek the lifting of the restriction on destructive devices or other weapons.

13. The defendant through counsel has conferred with the government regarding the issue presented by Motion and provided a copy for its review.  The government, via asst. U.S. Attorney Amada Jawad, has advised counsel that the government opposes this request.

14. For the reasons stated above, the defendant urges the Court to remove the restriction on the possession of firearms during the pendency of this case.

A proposed Order is attached.

WHEREFORE, the defendant respectfully moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Amanda Jawad, Esq., DOJ-USAO (Eastern District of Michigan) , attorney of record for the United States, and Dwight Crawley, Esq., attorney for codefendant Thomas Fassell, this 20th day of April, 2022.

/s/
_____
*Nathan I. Silver, II*