UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-692 (CKK) |
| | : | |
| **THOMAS FASSELL,** | : | |
| **MARILYN FASSELL** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
RECONSIDERATION TO MODIFY CONDITIONS OF RELEASE**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Marilyn Fassell's motion for reconsideration of her motion to modify her conditions of release so that she can keep a firearm in her residence, ECF No. 60. For the reasons set forth below, the government continues to oppose modification of Defendant's conditions of release.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

To avoid unnecessary exposition, the government refers to the procedural history as set forth in the government's May 4, 2022 memorandum in opposition to Defendant's motion to modify her conditions of release (ECF No. 40 at 3-4) and the factual background of Defendant's involvement in the attack on the U.S. Capitol as set forth in the statement of offense (ECF No. 56).

On May 16, 2022, this Court denied Defendant's motion to modify her conditions of release in which she requested that she be allowed to keep a firearm in her residence. ECF No. 42. On August 16, 2022, Defendant filed a motion asking the Court to reconsider the May 16 order based on Defendant's receipt of a threatening letter postmarked June 23, 2022, which Defendant attached as an exhibit to her motion. ECF 60-2. Defendant's motion for

reconsideration states that the return of her firearm is necessary so that she can protect herself against the threat posed by the sender of the June 23 letter.

Defense counsel provided a copy of the June 23 letter to the government, and the undersigned referred the letter to the FBI for investigation. On August 23, the FBI reached out—through defense counsel—to Defendant to coordinate collection of the threatening letters that she had received. Subsequently, the undersigned learned about the impending arrest of an individual in Florida who had sent threatening letters to other January 6 defendants that were similar to the June 23 letter sent to Defendant.

On August 25, 2022, a criminal complaint was filed in the U.S. District Court for the Southern District of Florida charging Denis Bass with mailing threatening communications in violation of 18 U.S.C. § 876(c). Bass was arrested on August 26. According to the charging documents (attached here as Exhibit 1), Bass sent threatening letters to other January 6 defendants that are similar to the June 23 letter that was sent to Defendant. Each of the letters begins with a "Disciples of Democracy" heading and contains threats of violence in support of a political ideology. Like the June 23 letter sent to Defendant, none of the letters included a return address, and like the June 23 letter, eight of the nine letters were postmarked from Miami.

## ARGUMENT

**I. Applicable Authority**

As set forth in the Court's May 16, 2022 opinion, if a judicial officer determines that release under two standard conditions (not committing federal, state, or local crimes while on pretrial release and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. § 3142(c). In

that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). These conditions may include prohibiting the defendant "from possessing a firearm, destructive device, or other dangerous weapon." 18 U.S.C. § 3142(c)(1)(B)(viii).

To determine the appropriate conditions of release, the judicial officer considers (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence;" (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

## II. The Court Should Deny Defendant's Motion for Reconsideration

In its May 16, 2022 opinion, the Court concluded that there was clear and convincing evidence in the record to support a finding that the firearms prohibition was necessary to reasonably assure the safety of any other person and the community. ECF No. 42 at 5. In applying the § 3142(g) factors, the Court found that Defendant's history and characteristics weighed against the firearms prohibition; however, the Court found that the other § 3142(g) factors all weighed in favor of the firearms prohibition. Specifically, the Court found that the nature and circumstances of the offense as well as the weight of the evidence against Defendant favored the firearms prohibition. *Id*. at 6. Moreover, the Court found that the firearms prohibition was warranted because pretrial services officers make unannounced home visits and defendant's possession of firearms could endanger officer safety. *Id*. at 7.

Defendant's motion for reconsideration argues that circumstances have changed—in light of an anonymous person threatening to kill her—such that the prohibition barring

Defendant from possessing a firearm is unduly restrictive. The identification and arrest of the sender of the "Disciples of Democracy" letters (and by all accounts the same individual who sent Defendant her own letter), however, has addressed this threat and the Court should deny the motion to reconsider.

## CONCLUSION

Restricting access to Defendant's firearms is still the least restrictive condition the Court can impose to assure the safety of the community, and the Court should deny Defendant's motion for reconsideration.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES  
                                              United States Attorney  
                                              D.C. Bar No. 481052

By:    /s/ *Jason M Crawford*  
         Jason M. Crawford  
         Trial Attorney  
         Detailed to the D.C. U.S. Attorney's Office  
         DC Bar No. 1015493  
         175 N St. NE  
         Washington, D.C. 20002  
         (202) 598-1099  
         Jason.M.Crawford@usdoj.gov